NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| INGRID MARLENI OCAMPO-BARRERA, | No. 20-71135 |
| Petitioner, | Agency No. A208-740-374 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2023[**]

Before:     SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

Ingrid Marleni Ocampo-Barrera, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Because Ocampo-Barrera does not raise any challenge to the agency's good moral character determination or denial of cancellation of removal, we do not address these issues. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

Ocampo-Barrera's claim the agency violated her right to due process by failing to advise her of the availability of voluntary departure fails because she has not shown error. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

We lack jurisdiction to consider Ocampo-Barrera's contentions that she suffered persecution and established eligibility for protection under the Convention Against Torture ("CAT") because she failed to raise the issues before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**